1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| STEVEN D. BROOKS,<br><br>           Plaintiff,<br><br>   v.<br><br>M. CATE, et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:13-cv-01276-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING<br>COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

15

16      **I.      Screening Requirement and Standard**

17          Plaintiff Steven D. Brooks ("Plaintiff") is a state prisoner proceeding pro se and in forma

18    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on

19    August 14, 2013, is currently before the Court for screening.

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

22    1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

23    malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

24    relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28

25    U.S.C. § 1915(e)(2)(B)(ii).

26          A complaint must contain "a short and plain statement of the claim showing that the

27    pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

28    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).

6        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

8   342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

14  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15       **II.     Plaintiff's Allegations**

16       Plaintiff is currently housed at Avenal State Prison.  The events alleged in the complaint

17  occurred while Plaintiff was housed at Folsom State Prison and Pleasant Valley State Prison.

18  Plaintiff names the following defendants:  (1) Matthew Cate, Secretary of the California

19  Department of Corrections and Rehabilitation; (2) R. Pimentel, Appeals Examiner; (3) Rick Hill,

20  Warden, Folsom State Prison; (4) R. Trimble, Warden, Pleasant Valley State Prison; (5) J.

21  Fortune, Physician's Assistant, Pleasant Valley State Prison; (6) B. Davi, Correctional Sergeant,

22  Pleasant Valley State Prison; and (7) Does 1 through 5.

23       Plaintiff alleges as follows:  Plaintiff is a 41-year-old prisoner of African-American

24  descent.  He has chronic asthma, high blood pressure, and debilitating knee, foot and quadricep

25  injuries that substantially limit his mobility.  Plaintiff is at high risk for serious illness or death if

26  he acquires Valley Fever.

27       In January 2011, Plaintiff transferred from Corcoran State Prison to Folsom State Prison.

28  Upon arriving at Folsom, Plaintiff informed custody staff that he had a doctor prescribed chrono

1    for lower bunk ground floor cell housing.  Custody staff informed Plaintiff that his chrono had to

2    be verified and evaluated by Folsom doctors before it could be honored.  As a result, Plaintiff

3    was forced to house on the second and third tiers at Folsom.

4         On February 7, 2011, Plaintiff was called out of his second tier cell to see the nurse.

5    Upon descending the stairwell, Plaintiff slipped and fell due to water on the steps.  Plaintiff was

6    able to ambulate to the nurse, but had tightness and increasingly severe pain in his lower back for

7    the next few weeks.

8         In February 2011, Plaintiff's Folsom doctor, S. Reddy, evaluated Plaintiff's medical

9    condition and determined that he probably was suffering from a back sprain.  Doctor Reddy

10   prescribed pain killers and verified Plaintiff's chrono for ground floor, lower bunk.  Doctor

11   Reddy filled out a CDCR Form 1845 DPP verification and recommended that Plaintiff be

12   designated "DPM."  A health care manager approved the designation and Plaintiff was

13   recommended for immediate transfer to a medical facility.

14        Plaintiff was eventually transferred to Pleasant Valley State Prison, which is a designated

15   medical facility for mobility impaired prisoners.  Plaintiff was transferred to Pleasant Valley

16   State Prison due to his need for housing at a level terrain facility in a ground floor cell.

17        On June 16, 2011, while housed at Pleasant Valley State Prison, Plaintiff was told that he

18   was being re-housed in an upper bunk due to limited cells for mobility impaired prisoners.  The

19   prison created new criteria in which only prisoners in wheelchairs would be provided ground

20   floor lower bunk housing.  The prison had Physician's Assistant J. Fortune discontinue all

21   comprehensive accommodation chronos for prisoners who could walk.

22        Plaintiff protested being moved into an upper bunk and told custody staff sergeant B.

23   Davi that he was designated "DPM" and had a CDCR 1845 Form verifying his disability and

24   need for a bottom bunk.  Sgt. Davi stated, "I don't care you will move or I am going to write you

25   up." (ECF No. 1, p. 8.)  Plaintiff refused to move.  Eventually Plaintiff was forced to move by

26   staff using threats and scare tactics.  Plaintiff also received a CDC 115 for delaying a peace

27   officer in the performance of his duties.

28

1    On June 17, 2011, Plaintiff complained to custody staff and medical personnel that he

2 was being caused to suffer severe pain from housing in an upper bunk.  Plaintiff's previous bunk

3 was not occupied and Plaintiff requested it back.

4    Plaintiff's complaints caused him to be housed in an upper tier cell by himself for ten

5 (10) days without his personal property.  With the threat of placement in Administrative

6 Segregation, Plaintiff accepted upper bunk housing.  Approximately thirty (30) days later, a

7 physician evaluated Plaintiff's disability and ordered that Plaintiff be put back in a ground floor

8 cell with a low bunk.

9    Plaintiff received a 115 RVR for staff oversight neglect and fraud.  Plaintiff tried to show

10 his DPP verification documents to custody staff, but they refused to honor them.  They used a

11 physician's assistant to discontinue Plaintiff's chrono, which resulted in Plaintiff being found

12 guilty of a serious rule violation and being assessed a 61-day credit forfeiture and 30 days loss of

13 yard, telephone and package privileges.  It was later determined that custody staff had ignored

14 legitimate DPP documents, but the CDC 115 remained intact. Plaintiff contends that Defendants'

15 actions constituted deliberate indifference in violation of his Eighth Amendment rights.

16    Plaintiff further requested that he not be housed in any prison where Valley Fever is

17 endemic, but his requests were denied to the third level.  Plaintiff asserts that as an African-

18 American he is at high-risk of contracting Valley Fever.  Plaintiff suffered flu-like symptoms and

19 requested testing for Valley Fever.  He was told that he did not have Valley Fever without an

20 examination.  Plaintiff asserts that defendants are acting with deliberate indifference in violation

21 of the Eighth Amendment by exposing him to Valley Fever.

22    Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive

23 relief.

24 **III.    Discussion**

25 **A.  Linkage Requirement**

26 The Civil Rights Act under which this action was filed provides:

27 Every person who, under color of [state law] ... subjects, or causes to be
subjected, any citizen of the United States ... to the deprivation of any rights,

28

4

1
2
      privileges, or immunities secured by the Constitution ... shall be liable to the party
      injured in an action at law, suit in equity, or other proper proceeding for redress.

3 42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

4 the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

5 Monell, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct.

6 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

7 deprivation of a constitutional right, within the meaning of section 1983, if he does an

8 affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

9 legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

10 588 F.2d 740, 743 (9th Cir. 1978).

11      Here, Plaintiff fails to link Defendants Cate, R. Pimentel, Rick Hill, R. Trimble and Does

12 1 through 5 to any alleged constitutional violation.  Plaintiff will be given leave to cure this

13 deficiency.  If Plaintiff elects to amend his complaint, he must allege what each defendant did

14 that resulted in a violation of his rights.

15     **B.  Federal Rules of Civil Procedure 18 and 20**

16      Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.

17 R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.

18 Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple

19 defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of

20 transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P.

21 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v.

22 Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980). Only if the defendants are

23 properly joined under Rule 20(a) will the Court review the other claims to determine if they may

24 be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

25      Here, Plaintiff is attempting to bring claims against unrelated defendants in this action.

26 For example, Plaintiff may not pursue a claim against defendants at Folsom State Prison, while

27 simultaneously pursuing a claim for deliberate indifference to serious medical needs against

28 defendants at Pleasant Valley State Prison.  Plaintiff also may not pursue a claim for deliberate

1   indifference to serious medical needs against one set of defendants and deliberate indifference to

2   conditions of confinement against another set of defendants.  If Plaintiff elects to amend his

3   complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does

4   not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the

5   Court will dismiss the claims it finds to be improperly joined.

6   **C.  Doe Defendants**

7   Plaintiff has asserted allegations against Does 1 through 5.  "As a general rule, the use of

8   'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

9   Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants)

10  cannot be served by the United States Marshal until Plaintiff has identified them as actual

11  individuals and amended his complaint to substitute names for John Doe or Jane Doe.

12  **D.  Supervisory Liability**

13  To the extent Plaintiff seeks to bring suit against Defendants Cate, Hill and Trimble

14  based on their roles as supervisors, he may not do so. Supervisory personnel may not be held

15  liable under section 1983 for the actions of subordinate employees based on respondeat superior

16  or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v.

17  California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Moss, 711 F.3d at

18  967–68; Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A

19  supervisor may be liable only if (1) he or she is personally involved in the constitutional

20  deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful

21  conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at

22  989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at

23  915–16. "Under the latter theory, supervisory liability exists even without overt personal

24  participation in the offensive act if supervisory officials implement a policy so deficient that the

25  policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

26  violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))

27  (internal quotation marks omitted).

28

1    Plaintiff has not alleged that Defendants Cate, Hill and Trimble were personally involved

2    the constitutional deprivation or that they instituted deficient policies. Plaintiff will be given

3    leave to cure this deficiency.

4    ### E.  Grievance Procedure

5    Plaintiff appears to assert liability against Defendant R. Pimentel based on his

6    participation in reviewing Plaintiff's inmate appeals. However, the prison grievance procedure

7    does not confer any substantive rights upon inmates and actions in reviewing appeals cannot

8    serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

9    1993). The complaint therefore fails to state a cognizable claim against Defendant R. Pimentel

10   based on the administrative review process.

11   ### F.  Deliberate Indifference to Serious Medical Needs

12   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

13   inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

14   1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

15   L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

16   (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

17   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

18   "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

19   Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

20   Deliberate indifference is shown where the official is aware of a serious medical need and

21   fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal

22   standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

23   The prison official must be aware of facts from which he could make an inference that "a

24   substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511

25   U.S. 825, 837 (1994).

26   Here, Plaintiff's allegations are not sufficient to state a cognizable claim against

27   Defendants Fortune and Davi based on their decision to house Plaintiff in an upper bunk.  At

28   best, Plaintiff's allegations demonstrate a disagreement with a healthcare professional regarding

1   appropriate placement.  This is not sufficient to state a cognizable Eighth Amendment claim.

2   Toguchi, 391 F.3d at 1057–58, 1060 (a difference of opinion between a healthcare professional

3   and a prisoner does not rise to the level of deliberate indifference; negligence in diagnosing or

4   treating a medical condition also does not amount to deliberate indifference).

5          **G.  Conditions of Confinement**

6          The Eighth Amendment protects prisoners from inhumane methods of punishment and

7   from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

8   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

9   only those deprivations denying the minimal civilized measure of life's necessities are

10  sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian,

11  503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation

12  of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison

13  officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer, 511

14  U.S. at 847.

15         A prisoner may state "a cause of action under the Eighth Amendment by alleging that

16  [prison officials] have, with deliberate indifference, exposed him to [environmental conditions]

17  that pose an unreasonable risk of serious damage to his future health."  Helling v. McKinney,

18  509 U.S. 25, 35 (1993).

19         The Courts of this district have repeatedly found that confinement in a location where

20  Valley Fever  is prevalent, in and of itself, fails to satisfy the first element of an Eighth

21  Amendment claim, i.e. that the condition poses an excessive risk of harm.  See, e.g., Smith v.

22  Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison,

23  2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to

24  pursue an Eighth Amendment claim for the mere fact that he was confined in a location where

25  Valley Fever spores existed, he is advised that no courts have held that exposure to Valley Fever

26  spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL

27  5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23,

28  2009).

1    Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon exposure to

2   Valley Fever.  However, courts have deemed the first prong of an Eighth Amendment claim

3   satisfied where the plaintiff has identified a factor responsible for either increasing the risk of

4   contraction or the severity of infection.  See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D.

5   Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102,

6   *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal.

7   Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008

8   WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and

9   race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013)

10  (finding that the following groups are at an increased risk of harm from Valley Fever infection

11  and should therefore be excluded from Pleasant Valley State Prison and Avenal State Prison:

12  inmates designated as medically high-risk; "'[p]atients with impaired cellular immunity, such as

13  those with solid organ transplants, those with HIV infection, and those with chronic obstructive

14  pulmonary disease, chronic renal failure, congestive heart failure, diabetes; patients receiving

15  TNF inhibitors (medications used in the treatment of arthritis); Filipino and African-American

16  men; and pregnant women in the 2nd or 3rd trimester.'").

17    Plaintiff must also demonstrate that a defendant exhibited deliberate indifference to a

18  substantial risk of serious harm to Plaintiff.  "Deliberate indifference is a high legal standard."

19  Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of

20  the facts from which the inference could be drawn that a substantial risk of serious harm exists,'

21  but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).

22  "'If a prison official should have been aware of the risk, but was not, then the official has not

23  violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County

24  of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

25    In this case, Plaintiff has failed to demonstrate that any defendant exhibited deliberate

26  indifference to substantial risk of serious harm to Plaintiff.  Indeed, Plaintiff fails to link any

27  defendant to his allegations regarding exposure to Valley Fever.  Plaintiff will be given leave to

28  cure this deficiency.

**H.  Disciplinary Proceedings**

If Plaintiff is challenging the disciplinary hearing, which resulted in the forfeiture of his good time credits, or if the outcome of his claims may imply the invalidity of the disciplinary hearing, he may not pursue such claims in this action.

A section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  A state prisoner's section 1983 claim is not cognizable if success on the claim would necessary imply the invalidity of his sentence. Heck, 512 U.S. at 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383.  Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Edwards, 520 U.S. at 646, 117 S.Ct. 1584, 137 L.Ed.2d 906.  Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits, and would necessarily affect his release date. Accordingly, he may not pursue his claims challenging the disciplinary procedures in this action.  He also may not pursue claims that would imply the invalidity of the guilty finding.

**C.      Conclusion and Order**

Plaintiff's complaint fails to comply with Rules 18 and 20 and fails to state a cognizable claim against any defendant.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1   Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

2  Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself

3  without reference to the prior or superseded pleading."  Local Rule 220.

4   Based on the foregoing, it is HEREBY ORDERED that:

5   1.  The Clerk's Office shall send Plaintiff a complaint form;

6   2.  Plaintiff's complaint is dismissed with leave to amend;

7   3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file a

8  first amended complaint; and

9   4.  <u>If Plaintiff fails to file a first amended complaint in compliance with this order,</u>

10  <u>this action will be dismissed for failure to obey a court order.</u>

11

12  IT IS SO ORDERED.

13  Dated:  **June 13, 2014**     /s/ *Barbara A. McAuliffe*

14            UNITED STATES MAGISTRATE JUDGE